PETER M. HART (SBN: 198691) hartpeter@msn.com
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

KENNETH H. YOON (SBN: 198443) kyoon@yoon-law.com
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Tel: (213) 612–0988
Fax: (213) 947–1211

LARRY W. LEE (SBN: 228175) lwlee@diversity-law.com
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
Tel: (213) 488-6555
Fax: (213) 488-6554
Attorneys for Plaintiff

FRANCIS J. ORTMAN, III (SBN: 213202) fortman@seyfarth.com
ARI HERSHER (SBN: 260321) ahersher@seyfarth.com
**SEYFARTH SHAW LLP**
560 Mission Street, Suite 3100
San Francisco, California 94105
Tel.: (415) 397-2823
Fax: (415) 397-8549
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY WILSON, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PETER KIEWIT SONS, INC., a corporation, and KIEWIT PACIFIC CO., a corporation and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.: C 09-03630 SI<br><br>**RULE 26(f) JOINT REPORT OF PARTIES**<br><br>**Hearing**<br>**JUDGE:** HON. SUSAN ILLSTON<br>**DATE:** NOV. 20, 2009<br>**TIME:** 2:30 PM<br>**CTRM.:** 10 |

Plaintiff Ashley Wilson ("Plaintiff") and Defendant Kiewit Pacific Co,[1] by and through their respective counsel of record named herein, hereby submit their Joint Report pursuant to FRCP Rule 26 as follows following an Early Meeting of Counsel that took place on November 3, 2009:

## 1. Jurisdiction, Service & Procedural History

On or about July 7, 2009, Plaintiff instituted this civil action in the Superior Court of the State of California, San Francisco County.

On August 7, 2009, Defendant removed the action to this Court. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332. Plaintiff believes that Defendant removed the action because this is a class action in which: (1) there are 100 or more members in the proposed Class; (2) at least some members of the proposed Class have a different citizenship from Defendant; and (3) the claims of the proposed Class Members exceed $5,000,000 in the aggregate.

After Defendant filed a motion to dismiss the Complaint and motion to transfer, Plaintiff filed a First Amended Complaint on September 25, 2009. Defendant Answered the First Amended Complaint on October 14, 2009.

Plaintiff believes that apart from CAFA subject matter jurisdiction, Plaintiff's individual claims for overtime and meal period wages owed and related penalties would meet the jurisdictional amount for diversity of citizenship jurisdiction and that there is complete diversity between Plaintiff and Defendant. Plaintiff further believes that under traditional diversity jurisdiction and CAFA diversity jurisdiction there is supplemental jurisdiction over Plaintiff's individual claims under 28 U.S.C. Section 1367.

## 2. Plaintiff's Fact Section

Plaintiff alleges a narrow class of California employees who under Defendants' uniform

---

[1] Defendant Peter Kiewit Sons, Inc. ("PKS") has not been served and has not appeared in this case. Defense counsel has advised plaintiff that PKS is an Oklahoma Corporation with no employees based in California. Plaintiff's counsel has agreed to dismiss PKS, without prejudice, upon receipt of a declaration to be agreed upon.

policies and practices and written policies and practices were not reimbursed for all work-related reimbursements. Plaintiff's classes as defined on this issue are based on employees who were subject to Defendants' policies on reimbursements and who had reimbursement policies applied to them and who were employed under Defendants' practices on reimbursements. Accordingly, Plaintiff's class claims are not limited to a particular job type or job category, as Plaintiff believes and alleges that Defendants as part of policy and practice and as part of written policy to all their employees in California, regardless of job type, failed to properly reimburse them for work-related expenses. As an example of such specific failure, Plaintiff alleges that Defendants to their California employees had policies that reimbursed for work-related travel only a fixed amount of mileage and not beyond that amount—and that this was part of Defendants' employee policies applicable to all California employees. Plaintiff believes that the very policy and policies of improper reimbursements are uniform class issues—as they are corporate policy driven claims, thus typicality, commonality and predominance are met.

Plaintiff also alleges individual claims for failure to pay overtime wages due to Defendants improperly classifying Plaintiff as an exempt employee when she, in actuality, did non-exempt work well over 50% of the time. Indeed, Plaintiff was essentially a clerical/secretarial employee who was improperly paid a flat salary without the payment of overtime wages. Plaintiff also claims individual claims for not being provided meal periods in compliance with California law, Defendants not keeping proper records related to her work, hours worked, rates of pay, overtime paid, etc.

Plaintiff also has a California Business & Professions Code section 17200 unfair practices act claim that relates to Plaintiff's class claim and individual claims.

Plaintiff seeks as remedies and damages reimbursements for Plaintiff and all similarly harmed employees, and seeks for herself overtime and meal period wages owed and late payment of wages penalties of up to 30 days wages pursuant to Labor Code section 203.

Plaintiff intends to add a claim under California Labor Code sections 2698-2699 (California's Private Attorney General Act "PAGA"). Plaintiff as of the date of the filing of this Joint Report will have sought permission from the California Labor and Workforce Development

1  Authority to pursue PAGA violations and remedies for Plaintiff's class claim and individual
2  claims. *See Arias v. Superior Court*, 46 Cal. 4th 969 (Cal. 2009) (holding that when proceeding
3  under PAGA a plaintiff does not have to meet class certification requirements). Thus, Plaintiff
4  seeks to at this stage notify the Court of this potentiality and how it would even affect class
5  certification issues.

**Defendant's Statement of Facts**

7  KPC is a Delaware corporation with its principal place of business in Vancouver,
8  Washington. KPC is a heavy-duty construction company that performs work throughout
9  California. In California, KPC is divided into two districts, the Northern District is based in
10 Concord, and the Southern District is based in Santa Fe Springs. Plaintiff was employed as a
11 People Development Coordinator in KPC's "People Development" department, effectively the
12 Human Resources department for the Southern District. Unlike other KPC employees – most of
13 whom work pursuant to collective bargaining agreements at project jobsites, plaintiff worked only
14 in KPC's Southern California District office in Santa Fe Springs. Plaintiff was an underperformer
15 who repeatedly used her company issued credit card for personal expenses in violation of
16 company policy, and who routinely failed to accurately complete her expense reports for
17 reimbursement as required by the policies in the Southern District.
18 While KPC has broad expense reimbursement policies, the valid, legal expense
19 reimbursement policies applicable to plaintiff and others in the Southern District were drafted by
20 the Business Manager for the Southern District, and those policies were applicable only to
21 employees within the Southern California District. As a People Development Coordinator,
22 plaintiff was classified as an exempt employee. Although she was classified as an exempt
23 employee, plaintiff was encouraged to, and did take meal and rest breaks on a daily basis.

24 **3.    Legal Issues**

**Plaintiff's Legal Section**

26 Plaintiff states the following are some of the legal issues involved in this putative class
27 action at this early stage of the case.

28

- Whether Defendants had written policies applicable to the class regarding reimbursements, including written policies on mileage reimbursements applicable to class members, that violated California Labor Code § 2802;
- Whether Defendants had policies and practices applicable to the class regarding reimbursements, including policies and practices on mileage reimbursements applicable to class members, that violated California Labor Code § 2802;
- To what degree and for what amount should work-related mileage be reimbursed by Defendants;
- Whether Defendants owes to Plaintiff and putative class members 30 days' of additional pay pursuant to Cal. Labor Code § 203;

**Defendant's Statement of Legal Issues**

There are both procedural and liability issues that are ripe for early adjudication and may affect the scope of discovery going forward.

As an initial matter, plaintiff's overbroad class definitions include every KPC employee in California, regardless of (1) which expense reimbursement policy applied to them, (2) the particular circumstances of their work for KPC, and (3) the context for and process through which they submitted and were reimbursed for claimed business expenses. As noted above, plaintiff worked only in the Southern California District, and unlike most KPC employees who work in the field, she worked within an office in Santa Fe Springs. Moreover, plaintiff was a poor performer who frequently violated company policy by using her company credit card for personal expenses, and who submitted inaccurate, incomplete expense reports without sufficient documentation. Consequently, the following legal issues should addressed early in this matter:

1. Whether, as an employee who worked only in the Southern California District under polices (1) drafted by that District, (2) applicable only to employees in that District, and (3) utilized only by managers in that District to approve expenses, plaintiff has standing to represent any other California KPC employee working under different policies and practices in the state;

2. Whether, given (1) her violations of the Southern District's expense reimbursement policies, and (2) her limited experience working within an office in Santa Fe

1  Springs as opposed to the field, plaintiff can adequately represent other KPC employees in the
2  Southern District who worked in different circumstances and whose claimed business expenses
3  were reviewed and approved by other managers.

4      3.    Whether the Court can ascertain, prior to a resolution of merits issues, which
5  employees "were not properly reimbursed for all work-related expenses" and if not, whether
6  plaintiff's class allegations should be stricken from the First Amended Complaint.

7      4.    Whether the Court can efficiently ascertain who is within plaintiff's purported
8  class of all California employees "who were not reimbursed for all work-related expenses" given
9  that KPC has records relating to employees who *were* reimbursed, and has no records for
10 employees who allegedly were <u>not</u> reimbursed for necessary business expenses.

11     5.    Whether the individualized inquiries necessary just to identify employees who
12 allegedly (1) incurred an expense, (2) claim the expense was business related, (3) claim that the
13 expense was necessary, and (4) claim that reimbursement was sought and denied such that they
14 may within plaintiff's class definitions, renders class treatment an inefficient, unjustifiable means
15 to litigate this case.

16     6.    Whether, given the requisite individualized analyses into the context for each
17 expense, and the decision by each KPC manager to approve or deny that expense, any
18 adjudication of the expense reimbursement claim can be applied across a class of employees in
19 accordance with due process principles.

20     7.    Whether as written, KPC's expense reimbursement policies for the Southern
21 District of California are valid under California Labor Code section 2802 as a matter of law.

22 **4.    Motions**
23     **<u>Plaintiff's Motions</u>:**
24 Plaintiff anticipates filing a motion(s) for class certification pursuant to Rule 23 of the
25 Federal Rules of Civil Procedure after sufficient class discovery is conducted.  Should this Court
26 grant Plaintiff's anticipated motion for class certification, Plaintiff may also then move for
27 summary judgment/adjudication on a number of the legal issues presented as some could be
28 based on undisputed facts common to the anticipated Class and will require only a legal ruling on

1 liability.

2 In addition, prior to Plaintiff's class certification motion, and for purposes of class certification, Plaintiff may file a motion to seek the names and contact information of the putative class members/witnesses if Defendants are not agreeable to providing this information to Plaintiff. Plaintiff believes that such contact information is necessary to help prove class certification issues such as commonality and typicality and even predominance.

As noted above, Plaintiff also would intend to seek leave to amend her compliant should the facts warrant it and to add the PAGA claims and remedies.

**Anticipated Defense Motions:**

Given the facially overbroad and invalid class allegations, KPC may file an early motion directed at those allegations. KPC may also file a motion for summary judgment on plaintiff's individual and class claims. KPC will oppose any motion to compel the production of contact information from putative class members, as that information is not relevant to class certification at this stage and the only purpose for such a request would be to "fish" for new or additional class representatives, or to search for a case where there is none. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007).

**5.   Amendment of Pleadings**

Plaintiff reserves the right to amend the pleadings, including amending the class definitions, based upon discovery including up to 15 days prior to the deadline to file her motion for class certification. Plaintiff would reserve the right to add further claims based on investigation of this case as it goes forward. Plaintiff also reserves the right to add additional class representatives prior to class certification.

Defendant does not anticipate amending its Answer, and will oppose attempts to conduct discovery directed at locating new class representatives or at trying to "create" a case outside of the one plaintiff has pled or about which the plaintiff has personal knowledge and standing to pursue. *See Twombly, supra*, 127 S. Ct. at 1967.

**6.   Evidence Preservation**

Plaintiff and Defendant understand their duty to preserve records, including paper and

electronic copies, and have taken steps to preserve documents in their possession which are potentially relevant to this action.

**7.    Disclosures**

The Parties have agreed to exchange Initial Disclosures on or before November 11, 2009.

**8.    Discovery**

   **A.    Discovery to Date**

On November 3, after the Early Meeting of Counsel, Plaintiff served written discovery requests, including demands for documents and interrogatories. Plaintiff also served a Rule 30(b)(6) notice of deposition of Defendants scheduled to take place in San Francisco County California in January 2010 after conferring with Defendants on this time period for deposition of Defendants. Defendants have not agreed to the date Plaintiff has chosen, but agree that the Deposition of Defendants would take place in January 2010. Plaintiff anticipates providing dates in January 2010 to Defendants for her deposition.

   **Defendant's Position**

During the Early Meeting of Counsel, the parties agreed to propound written discovery requests and agreed that both the plaintiff's and KPC's 30(b)(6) witness would be deposed in January 2010. After those depositions, the parties also agreed that they would likely reassess their respective positions before proceeding with further class discovery. Despite plaintiff's representations, KPC has received no discovery requests from plaintiff and any requests would be premature under Rule 26 regardless. Similarly, and contrary to plaintiff's inconsistent statements above, to date plaintiff has not proposed specific dates for depositions.

   **B.    Scope of Discovery**

   **Plaintiff**

As noted, Plaintiff has propounded focused discovery and issued focused deposition notices of Defendants. Plaintiff does not believe that there is a need for phasing or sequencing of pre-certification discovery. Plaintiff has also alleged claims under a class definition that covers more than one job type or more than one branch or district—as this is a policy driven claim Plaintiff is pursuing. To the extent that Defendants seek to limit discovery to only limited

districts or to limited offices, Plaintiff would take issue with that and would seek full discovery on all written policies regarding reimbursement California-wide and for all job categories—as that is the claim Plaintiff has pled, the classes Plaintiff has defined.  Further, it is difficult to imagine that a company could or would have a scattershot of reimbursement policies by district, say one for Southern California and one for Northern California.  That is not Plaintiff's understanding on the facts on the ground—as practiced by Defendants.  It is also not Plaintiff's counsel's understanding of how companies operate based on their litigation of these types of cases.  Further, absent full production of all policies—Plaintiff would not be able to see the whole picture of the claims alleged.

Importantly, as pointed out above, Plaintiff is alleging policy driven violations, in which the policy of failing to reimburse could and would be applicable state-wide and job type wide. Plaintiff seeks investigation and discovery on this to proven her class allegations.

For purposes of class certification, Plaintiff believes that she will need to obtain discovery on Defendants' policies, procedures, and practices and other documents regarding Defendants' policies on reimbursements for all of their California employees for the full class period.

As part of this discovery, Plaintiff believes she will need to be provided with the payroll databases (or a reasonable sample thereof) to help establish class certification issues, particularly issues such as commonality, typicality, and predominance, as well as all policies, procedures, and practices documents of Defendants on the claims alleged for the class period, including Plaintiff's own records and personnel file and employee handbooks applicable to her and for the class period.

Plaintiff believes that pursuant to *Hoffman-La Roche Inc. v. Richard Sperling*, 493 U.S. 165 (1989), *Pioneer Electronics v. Superior Court*, 40 Cal.4th 360 (2007) (California Supreme Court held that, prior to certification of a class, plaintiffs have a right to obtain the contact information from Defendant in order to facilitate communication between plaintiffs and the putative class members, in spite of the privacy objections and concerns raised by Defendants) and *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007) (disclosure of contact information in employment cases warranted), putative class member/witness contact

1 information should be provided—and again such witness information would be necessary for
2 Plaintiff's motion for class certification to help establish issues such as commonality, typicality,
3 and predominance. Plaintiff believes that this notice to class will take approximately 60 days
4 from the agreement on the form of the letter to the mailing to complete. Plaintiff and Defendants
5 discussed such a letter but have to date not agreed on specific issues regarding the production of
6 class member information or on the sending of such a letter to class members. As mentioned
7 above, to the extent Defendants do not agree to such proposals, Plaintiff will file a motion with
8 this Court to seek such information.

Plaintiff also intends to take depositions of some of Plaintiff's former supervisors and co-workers for her individual claims as well as seek written discovery on her individual claims.

**Defendant's Position**

Noted above, plaintiff worked only in the Southern District, and worked in an office in Santa Fe Springs, unlike most KPC employees who work in the field, and whose expenses are approved by their individual department managers. Plaintiff never worked in the Northern District, and she has no personal knowledge – regardless of counsel's representations – about how policies were applied "on the ground" in the Northern District. Plaintiff's statement that she cannot "see the whole picture of the claims" she has alleged without discovery into policies that did not apply to her is all the evidence the Court needs to restrict plaintiff's discovery to the Southern District where she worked, and to the policies that were applicable to her. As the Supreme Court has said, discovery is not the means by which plaintiff is supposed to learn about the "the whole picture" of her own alleged claims; plaintiff was supposed to have the "whole picture" before she filed the Complaint. *See Twombly, supra*, 127 S. Ct. at 1967.[2]

It is axiomatic that a class representative plaintiff must have standing and be similarly situated to the putative class members she seeks to represent. Here, plaintiff is not similarly situated to, and has no standing to represent, employees whose requests for reimbursement were

---

[2] Plaintiff counsels' "understanding" of how other companies are organized is obviously irrelevant and does not justify discovery into policies that did not apply to the class representative.

approved by managers other than her own, let alone employees who were subject to different

2  policies than the plaintiff. Plaintiff's unsupported allegations do not justify wide-ranging

3  discovery into policies and practices elsewhere.

4      Moreover, it is hard to fathom any legitimate justification for plaintiff's request for KPC's

5  payroll database. KPC has records of necessary business expenses that were reimbursed. It has

6  no records showing which employees were not reimbursed. Payroll records of employees other

7  than the plaintiff would do absolutely nothing to assist plaintiff in her quest for class certification,

8  as they do not reflect anything about individual employees who were not reimbursed. Plaintiff's

9  unjustified assertion that these records would somehow help her establish Rule 23's prerequisites

10  only supports KPC's belief that plaintiff's request for the contact and payroll information of other

11  KPC employees is a transparent attempt to harass KPC and fish for a case or class.

12      KPC has agreed to produce the expense reimbursement policies applicable to plaintiff and

13  has agreed to produce, at plaintiff's request, a 30(b)(6) witness on those policies. It will also

14  produce all documents relevant to plaintiff's individual claims.

15  **9.**    **<u>Class Actions</u>**

16      Plaintiff anticipates filing her motion for class certification on or before June 30, 2010.

17  Plaintiff believes that this action can be certified pursuant to Federal Rules of Civil Procedure 23,

18  including Rule 23(a) and 23(b)(2)/23(b)(3).

19      Plaintiff believes a class action can be maintained as there are common policies, practices,

20  and procedures for each of the violations alleged.

21      Plaintiff brings claims for failure to provide reimbursements and intends to seek ancillary

22  PAGA penalties related to such failure. The California Supreme Court has recently ruled that

23  PAGA claims do not need to meet class certification standards or be certified to seek remedies for

24  other harmed persons. *See Arias v. Superior Court*, 46 Cal. 4th 969 (Cal. 2009) (holding that

25  when proceeding under PAGA a plaintiff does not have to meet class certification requirements).

26  Plaintiff notes this here at this time.

27      Plaintiff reserves the right to amend her Complaint to modify or change the class

28  definitions as discovery dictates.

1 **Defendant's Position**

2 For all the reasons described above, class certification of plaintiff's expense
3 reimbursement claim is not appropriate. KPC may file an early motion directed at plaintiff's
4 facially deficient class definitions. In addition, KPC may file a motion for summary judgment of
5 plaintiff's individual claims.

6 **10.  Related Cases**

7 Plaintiff knows of no other related cases. Defendant knows of no other related cases.

8 **11.  Relief Sought By Plaintiff**

9 Plaintiff seeks reimbursement of work-related expenses and restitution for Plaintiff
10 individually and for a class similarly situated as herself and attorneys' fees and PAGA penalties.
11 Plaintiff also seeks for herself and others overtime and meal period wages, damages, and various
12 penalties, including PAGA penalties, as well as interest and attorneys' fees.

13 Plaintiff also seeks to potentially add additional claims and forms of relief, including a
14 Labor Code section 2699, *et seq*. claim under the Private Attorney General Act directly relating to
15 the claims in this action.

16 Plaintiff alleges that putative class members are owed damages for the categories of harms
17 set forth above, as well, and Plaintiff is seeking damages for these putative class members.
18 Plaintiff believes that these damages can be ascertained and calculated from Defendants' records
19 for their employees, and/or representative testimony, and/or statistical evidence as may be offered
20 by Plaintiff.

21 Plaintiff is presently investigating the precise total number of putative class members, but
22 estimates at this time that there are well over 500 class members.

23 **Defendant's Position**

24 Noted above, KPC's records identify employees who were reimbursed for necessary
25 business expenses, not employees who were allegedly not reimbursed for claimed "business"
26 expenses. As a result, KPC's records will be of no assistance to plaintiff in her quest to
27 "ascertain" or "calculate" alleged damages for herself or a putative class. Plaintiff's assertion that
28 class-wide damages might by "ascertained" or "calculated" by representative testimony is

<mark>

similarly flawed, as testimony about one employee's experience with an expense reimbursement for a particular travel or other expense is inherently individualized, which also makes any sort of credible, scientifically valid statistical analysis impossible.

**12.     Settlement and ADR**

The parties have agreed to participate in the Court's Early Neutral Evaluation program within 90 days, preferably after the depositions of the plaintiff and KPC's 30(b)(6) witness.

**13.     Consent To Magistrate Judge For All Purposes**

Defendant KPC has filed its declination to proceed before a U.S. Magistrate Judge.

**14.     Other References**

The Parties agree the case is not suitable for reference to binding arbitration or a special master.

The Parties do not believe this matter is suitable for reference to the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

Other than the potential motion practice described above, the parties are unaware of any other motions or procedures that may assist in the narrowing of issues other than a post-certification motion(s) for summary judgment/adjudication and discovery rulings.

**16.     Expedited Schedule**

The parties do not believe that the case can be handled on an expedited basis with streamlined procedures.

**17.     Scheduling**

Plaintiff suggests the following preliminary tentative schedule:

Deadline for Plaintiff to file a motion for class certification will be June 30, 2010.

Plaintiff proposes a deadline of 15 days prior to her motion for class certification filing deadline by which to further amend the Complaint and/or add additional parties, after which, any request to amend would require leave of the Court or stipulation of the parties.  In the event of discovery disputes between the parties, Plaintiff reserves the right to request an extension of time by which to file her motion for class certification and/or to amend the Complaint and/or to add

additional parties.

Assuming that Plaintiff's anticipated motion for class certification is decided within 90 days, Plaintiff proposes the following schedule of dates, though she also believes that the pre-trial schedule may be determined after a ruling on the anticipated motion for class certification:

| Matter | Plaintiff's Request |
|---|---|
| Trial | January 26, 2011 |
| Final Pretrial Conference | January 4, 2011 |
| Dispositive Motion Hearing Cut-Off | November __, 2010 |
| Non-expert Discovery Cut-Off | September __, 2010 |
| Initial Expert Disclosures | September __, 2010 |

**Defendant's Position**

KPC is amenable to the schedule outlined above with one exception; KPC proposes that plaintiff's class certification motion, if any, should be filed by March 26, 2010 to ensure an early resolution to those issues before the parties incur needless expense in the litigation of a claim that should not be certified for class treatment.

**18.    Trial**

Plaintiff believes a jury trial of the claims is appropriate, and is considering a bench trial of the entire Complaint. If the class is certified, Plaintiff estimates a 7-10 court day trial given the narrowness of the claims alleged.

**Defendant's Position**

If this matter proceeds only on plaintiff's claims, KPC anticipates a three to five day trial, and KPC demands a jury trial. If the expense reimbursement class is certified, KPC anticipates that trial would take four to five weeks.

**19.    Disclosure of Non-Party Interested Entities or Persons**

The Defendant have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  As stated in those filings, the parties have set forth any persons, firms, partnerships, corporations (including parent corporations), or other entities that have:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

In accordance with the Court's standing order, the parties state as follows:

<u>Plaintiff's List of Interested Parties:</u>

Ashley Wilson;

Defendants.

<u>Defendant' List of Interested Parties:</u>

Defendant.

**20.    Other Matters**

The parties have no other matters to bring before the Court at this time.

Dated:  November 12, 2009			Respectfully Submitted,

						LAW OFFICES OF PETER M. HART


						By    /s/ Peter M. Hart
						      Peter M. Hart
						      Attorney for Plaintiff


Dated:  November 12, 2009			Respectfully Submitted,

						SEYFARTH SHAW LLP



						By    /s/Francis J. Ortman, III
						      Francis J. Ortman, III
						      Attorneys for Defendants