PETER M. HART (SBN 198691)
KIMBERLY A. WESTMORELAND (SBN 237919)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

KENNETH H. YOON (SBN 198443)
MELISSA M. COYLE (SBN 232775)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, CA 90017
(213) 612 – 0988
213) 947 – 1211 facsimile
kyoon@yoon-law.com
Attorneys for Plaintiff
(additional counsel for Plaintiff on the following page)

FRANCIS J. ORTMAN, III (Bar No. 213202)
ARI HERSHER (Bar No. 260321)
**SEYFARTH SHAW LLP**
560 Mission Street, Suite 3100
San Francisco, CA 94105
Tel.: (415) 397-2823
Fax: (415) 397-8549
Fortman@seyfarth.com
Ahersher@seyfarth.com
Attorneys for Defendant
(additional counsel for Plaintiff on the following page)

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY WILSON, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PETER KIEWIT SONS, INC., a corporation, and KIEWIT PACIFIC CO., a corporation and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.: C 09-03630 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Hearing**<br>JUDGE:   HON. SUSAN ILLSTON<br>DATE:    MARCH 19, 2010<br>TIME:    3:00 PM<br>CTRM.:   10 |

1  Additional Counsel for Plaintiff

2  LARRY W. LEE (State Bar No. 228175)
   **DIVERSITY LAW GROUP, A Professional Corporation**
3  444 S. Flower Street
4  Citigroup Center · Suite 1370
   Los Angeles, California 90071
5  (213) 488-6555
   (213) 488-6554 facsimile
6  lwlee@diversity-law.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Ashley Wilson ("Plaintiff") and Defendant Kiewit Pacific Co,[1] by and through their respective counsel of record named herein, hereby submit their Joint Case Management Statement Report.

### 1. Jurisdiction, Service & Procedural History

On or about July 7, 2009, Plaintiff instituted this civil action in the Superior Court of the State of California, San Francisco County.

On August 7, 2009, Defendant removed the action to this Court. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332. Plaintiff believes that Defendant removed the action because this is a class action in which: (1) there are 100 or more members in the proposed Class; (2) at least some members of the proposed Class have a different citizenship from Defendant; and (3) the claims of the proposed Class Members exceed $5,000,000 in the aggregate.

After Defendant filed a motion to dismiss the Complaint and motion to transfer, Plaintiff filed a First Amended Complaint on September 25, 2009. Defendant Answered the First Amended Complaint on October 14, 2009.

Plaintiff believes that apart from CAFA subject matter jurisdiction, Plaintiff's individual claims for overtime and meal period wages owed and related penalties would meet the jurisdictional amount for diversity of citizenship jurisdiction and that there is complete diversity between Plaintiff and Defendant. Plaintiff further believes that under traditional diversity jurisdiction and CAFA diversity jurisdiction there is supplemental jurisdiction over Plaintiff's individual claims under 28 U.S.C. Section 1367.

### 2. Plaintiff's Fact Section

Plaintiff alleges a narrow class of California employees who under Defendant's uniform policies and practices and written policies and practices were not reimbursed for all work-related reimbursements. Plaintiff has filed a stipulation with Defendant where Plaintiff seeks leave to add a subclass specifically dealing with Kiewit's failure to pay proper mileage reimbursements

---

[1] Plaintiff's counsel has agreed to dismiss Peter Kiewit Sons, Inc. after conferring with Defendants and the parties have filed a stipulation regarding the same.

for work-related travel.  Plaintiff's classes as defined on this issue are based on employees who were subject to Defendant's policies on reimbursements and who had reimbursement policies applied to them and who were employed under Defendant's practices on reimbursements, including mileage reimbursement policies.  Accordingly, Plaintiff's class claims are not limited to a particular job type or job category, as Plaintiff believes and alleges that Defendant as part of policy and practice and as part of written policy to all their employees in California, regardless of job type, failed to properly reimburse them for work-related expenses.

Documents Defendant has produced to date, for Kiewit's Southern California employees only, regarding its uniform mileage reimbursement policies, including uniform mileage reimbursement submission forms, Plaintiff believes facially violate California law on reimbursing employees for work-related mileage by not reimbursing employees for <u>all</u> the legally mandated work-related mileage, but, rather, just some of those miles driven.  Plaintiff believes that Kiewit's policies for its employees in other parts of California would establish similar liability and similar class-wide common issues of fact and law.

Plaintiff believes that to state that Plaintiff is not a proper class representative for Defendant's employees in the Northern California District Office is analogous to saying that a class representative for any employer, can only represent employees in the particular store in which that representative works(ed).  For example, a Target store employee in Los Angeles could not represent a Target store employee in Oakland—even where either identical policies or similar policies existed to both.  This defies the purpose of a class action, which is to allow all class members to bring their claims under one lawsuit, provided they meet the requirements of commonality, typicality, and other class action standards.  Plaintiff believes that this is a particularly problematic position for Defendant to take given that Defendant also seeks to limit production of relevant documents that Plaintiff, at the class discovery stage, would use to establish commonality, typicality, and other class issues to, even in the face of Defendant's contention that a Kiewit employee in Southern California could not represent properly a Kiewit employee working in San Francisco, prove that common issues of fact and law relate to all California employees of Kiewit.

Plaintiff also alleges individual claims for failure to pay overtime wages due to Defendant improperly classifying Plaintiff as an exempt employee when she, in actuality, did non-exempt work well over 50% of the time. Indeed, Plaintiff was essentially a clerical/secretarial employee who was improperly paid a flat salary without the payment of overtime wages. Plaintiff also claims individual claims for not being provided meal periods in compliance with California law, Defendant not keeping proper records related to her work, hours worked, rates of pay, overtime paid, etc.

Plaintiff also has a California Business & Professions Code section 17200 unfair practices act claim that relates to Plaintiff's class claim and individual claims.

Plaintiff seeks as remedies and damages reimbursements for Plaintiff and all similarly harmed employees, and seeks for herself overtime and meal period wages owed and late payment of wages penalties of up to 30 days wages pursuant to Labor Code section 203.

Plaintiff intends to add a claim under California Labor Code sections 2698-2699 (California's Private Attorney General Act "PAGA") after being granted leave by the California Labor and Workforce Development Authority to pursue PAGA violations and remedies for Plaintiff's class claim and individual claims. See *Arias v. Superior Court*, 46 Cal. 4th 969 (Cal. 2009) (holding that when proceeding under PAGA a plaintiff does not have to meet class certification requirements). Thus, Plaintiff seeks to at this stage notify the Court of this potentiality and how it would even affect class certification issues.

**Defendant's Statement of Facts**

KPC is a Delaware corporation with its principal place of business in Vancouver, Washington. KPC is a heavy-duty construction company that performs work throughout California. In California, KPC is divided into two independent business districts, the Northern District ("NorCal") is based in Concord, and the Southern District ("SoCal") is based in Santa Fe Springs. Plaintiff was employed as a People Development Coordinator in KPC's "People Development" department, effectively the Human Resources department for the SoCal District.

Unlike other KPC employees – most of whom work pursuant to collective bargaining agreements at project jobsites, plaintiff worked only in KPC's SoCal District office in Santa Fe Springs. Plaintiff was an underperformer who used her company issued credit card for personal expenses in violation of company policy, and who routinely failed to accurately complete her expense reports for reimbursement as required by the policies in the SoCal District.

While KPC has broad expense reimbursement policies, the valid, legal expense reimbursement policies applicable to plaintiff and others in the SoCal District were drafted by the Business Manager for the SoCal District, and those policies were applicable only to employees within the SoCal District. As a People Development Coordinator, plaintiff was classified as an exempt employee. Although she was classified as an exempt employee, plaintiff was encouraged to, and did take meal and rest breaks on a daily basis.

### 3. Legal Issues

**Plaintiff's Legal Section**

Plaintiff states the following are some of the legal issues involved in this putative class action at this early stage of the case.

- Whether Defendant had written policies applicable to the class regarding reimbursements, including written policies on mileage reimbursements applicable to class members, that violated California Labor Code § 2802;
- Whether Defendant had policies and practices applicable to the class regarding reimbursements, including policies and practices on mileage reimbursements applicable to class members, that violated California Labor Code § 2802;
- To what degree and for what amount should work-related mileage be reimbursed by Defendant;
- Whether Defendant owes to Plaintiff and putative class members 30 days' of additional pay pursuant to Cal. Labor Code § 203;

**Defendant's Statement of Legal Issues**

There are both procedural and liability issues that have affected KPC's position on the permissible scope of plaintiff's discovery to date.

As an initial matter, plaintiff's overbroad class definitions include every KPC employee in California, regardless of (1) which expense reimbursement policy applied to them, (2) the particular circumstances of their work for KPC, and (3) the context for and process through which they submitted and were reimbursed for claimed business expenses. As noted above, plaintiff worked only in the Southern California District, and unlike most KPC employees who work in the field, she worked within an office in Santa Fe Springs. Moreover, plaintiff was a poor performer who frequently violated company policy by using her company credit card for personal expenses, and who submitted inaccurate, incomplete expense reports without sufficient documentation. Consequently, the following legal issues should be addressed early in this matter:

1. Whether, as an employee who worked only in the Southern California District under polices (1) drafted by that District, (2) applicable only to employees in that District, and (3) utilized only by managers in that District to approve expenses, plaintiff has standing to represent and seek discovery about any other California KPC employee working under different policies and practices in the state;

2. Whether, given (1) her violations of the SoCal District's expense reimbursement policies, and (2) her limited experience working within an office in Santa Fe Springs as opposed to the field, plaintiff can adequately represent or seek discovery about other KPC employees in the SoCal District who worked in different circumstances and whose claimed business expenses were reviewed and approved by other managers.

3. Whether the Court can ascertain, prior to a resolution of merits issues, which employees "were not properly reimbursed for all work-related expenses" and if not, whether plaintiff's class allegations should be stricken from the First Amended Complaint.

4. Whether the Court can efficiently ascertain who is within plaintiff's purported class of all California employees "who were not reimbursed for all work-related expenses" given that KPC has records relating to employees who were reimbursed, and has no records for employees who allegedly were not reimbursed for necessary business expenses.

5. Whether the individualized inquiries necessary just to identify employees who allegedly (1) incurred an expense, (2) claim the expense was business related, (3) claim that the

expense was necessary, and (4) claim that reimbursement was sought and denied such that they may fall within plaintiff's class definitions, renders class treatment an inefficient, unjustifiable means to litigate this case.

      6.      Whether, given the requisite individualized analyses into the context for each expense, and the decision by each KPC manager to approve or deny that expense, any adjudication of the expense reimbursement claim can be applied across a class of employees in accordance with due process principles.

      7.      Whether as written, KPC's expense reimbursement policies for the SoCal District are valid under California Labor Code section 2802 as a matter of law.

### 4. Motions

**Plaintiff's Motions:**

Plaintiff anticipates filing a motion(s) for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure after sufficient class discovery is conducted. Should this Court grant Plaintiff's anticipated motion for class certification, Plaintiff may also then move for summary judgment/adjudication on a number of the legal issues presented as some could be based on undisputed facts common to the anticipated Class and will require only a legal ruling on liability.

In addition, prior to Plaintiff's class certification motion, and for purposes of class certification, Plaintiff intends on seeking the names and contact information of the putative class members/witnesses and will file a letter brief with the Court on this if Defendant is not agreeable to providing this information to Plaintiff. Plaintiff believes that such contact information is necessary to help prove class certification issues such as commonality and typicality and even predominance.

As noted above, Plaintiff would reserve to amend her compliant should the facts warrant it and is in the process of filing a stipulation for leave to amend to add California Private Attorney General Act claims and modify the class definitions as currently alleged.

**Anticipated Defense Motions:**

Given the facially overbroad and invalid class allegations, KPC may file a preemptive

motion directed at those allegations. KPC may also file a motion for summary judgment on plaintiff's individual and class claims. KPC will oppose any motion to compel the production of contact information from putative class members, as that information is not relevant to class certification at this stage and the only purpose for such a request would be to "fish" for new or additional class representatives, or to search for a case where there is none. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007). KPC will also oppose any request for the production of information from the independently operated and managed NorCal business district, as the policies applicable to the NorCal district did not apply to plaintiff, and she never submitted any requests for reimbursement to managers in that district. Consequently, the NorCal expense reimbursement policies were never applied to any of plaintiff's requests for reimbursement.

### 5. Amendment of Pleadings

Plaintiff has filed a stipulation between the parties regarding allowing Plaintiff to file an amended complaint to add California Private Attorney General Act claims and modify the class definitions as currently alleged, including adding a subclass related to failure to pay mileage reimbursements. This stipulation regarding Plaintiff amending her complaint was filed with an accompanying Order re the same.

Plaintiff further would ask the Court to allow Plaintiff the right to amend the pleadings, including amending the class definitions, based upon further discovery including up to 15 days prior to the deadline to file her motion for class certification. Similarly, Plaintiff would reserve the right to add further claims based on investigation of this case as it goes forward and to add additional class representatives prior to class certification.

Defendant does not anticipate amending its Answer, and will oppose attempts to conduct discovery directed at locating new class representatives or at trying to "create" a case outside of the one plaintiff has pled or about which the plaintiff has personal knowledge and standing to pursue. *See Twombly*, supra, 127 S. Ct. at 1967.

### 6. Evidence Preservation

Plaintiff and Defendant understand their duty to preserve records, including paper and

electronic copies, and have taken steps to preserve documents in their possession which are potentially relevant to this action.

### 7. Disclosures

The Parties exchanged Initial Disclosures on November 11, 2009.

### 8. Discovery

#### A. Discovery to Date

**Plaintiff**

On November 3, after the Early Meeting of Counsel, Plaintiff served written discovery requests, including demand for documents and interrogatories. Plaintiff also served a Rule 30(b)(6) notice of deposition of Defendant scheduled to take place in San Francisco Couty California in January 2010 after conferring with Defendant on this time period for deposition of Defendant.

Documents Defendant has produced to date, for Kiewit's Southern California employees only, regarding its uniform mileage reimbursement policies, including uniform mileage reimbursement submission forms, Plaintiff believes facially violate California law on reimbursing employees for work-related mileage by not reimbursing employees for all work-related mileage. Plaintiff believes that Kiewit's policies for its employees in other parts of California would establish similar liability and similar class-wide common issues of fact and law.

Toward getting all those relevant documents, Plaintiff met and conferred with Defendant on February 10, 2010 regarding what Plaintiff believed to be insufficient written discovery responses and in trying to get a date for the deposition of Defendant. There were a number of issues regarding the scope of written discovery and the scope of the deposition of Defendant that Defendant stated it would not be agreeable to producing without a Court ruling on these issues, including, specifically not producing what Plaintiff believes are relevant documents for Kiewit's employees outside of Southern California, including documents on the policies, procedures, and practices regarding mileage reimbursement throughout California. Plaintiff further sent a written meet and confer letter on these discovery issues on February 19, 2010. Plaintiff met and conferred telephonically with counsel for Defendant on March 11, 2010 and was further told that

8

JOINT CASE MANAGEMENT STATEMENT

SF1 28374792.1

Defendant would not provide documents for Kiewit's employees in outside of Southern California. Plaintiff intends on filing a letter brief seeking an order from the Court to Defendant to produce supplemental discovery responses and supplemental documents to Plaintiff's first set of Requests for Production of Documents. Plaintiff believes that those documents are not burdensome or difficult to produce as they likely number 5-10 pages and that Kiewit and its counsel clearly have possession of these documents. Plaintiff further believes that these documents are relevant as Plaintiff has pled a California-wide claim for reimbursements owed and Kiewit Pacific, Inc. is the sole single employer of all its California employees regardless of location in California.

**Defendant**

KPC served interrogatories and document requests on November 25, 2009. Plaintiff responded to those discovery requests on February 11, 2010, 44 days after the statutory deadline to respond. KPC sent a meet and confer letter to plaintiff regarding her improper objections and insufficient, unverified responses on February 18, 2010, but to date, plaintiff has not responded to that letter. KPC intends to take plaintiff's deposition once the deficiencies in her discovery responses are resolved, hopefully before the end of March.

KPC has timely responded to plaintiff's discovery requests, and served objections to plaintiff's overbroad 30(b)(6) deposition notice on December 14, 2009. Plaintiff sent meet and confer correspondence regarding KPC's discovery responses on February 19 and 25, and by letter dated March 8, 2010, KPC responded to plaintiff's request for supplemental responses.

As noted by plaintiff above, there is a dispute over the scope of plaintiff's discovery requests, both because of plaintiff's overbroad class definitions and because plaintiff seeks information about policies that did not apply, and were not applied to her requests for expense reimbursement. KPC has repeatedly advised plaintiff that it will produce a 30(b)(6) deposition witness to testify about the expense reimbursement policies that applied to plaintiff once plaintiff serves a deposition notice that properly identifies the specific areas of inquiry for the deposition. Plaintiff has yet to serve a revised deposition notice.

Further, in an effort to move discovery forward and to create a record through which

plaintiff and, if necessary, the Court, can make an informed decision on the proper scope of discovery, KPC has encouraged plaintiff to take a 30(b)(6) deposition regarding the independent business relationship of KPC's NorCal and SoCal business districts. To date, plaintiff has declined that offer, and appears set on bringing this dispute to the Court before making a record.

### B. Scope of Discovery

#### Plaintiff

As noted, Plaintiff has propounded focused discovery and issued focused deposition notices of Defendant. Plaintiff does not believe that there is a need for phasing or sequencing of pre-certification discovery. Plaintiff has also alleged claims under a class definition that covers more than one job type or more than one branch or district—as this is a policy driven claim Plaintiff is pursuing. To the extent that Defendant seeks to limit discovery to only limited districts or to limited offices or certain job categories, Plaintiff has met and conferred with Defendant on this and intends to file a letter brief with the Court seeking an order compelling Defendant to produce documents that Plaintiff believes is warranted at this point in a putative class action that Plaintiff has pled California-wide and not just for any district or department of Defendant.

Plaintiff further believes that pursuant to *Hoffman-La Roche Inc. v. Richard Sperling*, 493 U.S. 165 (1989), *Pioneer Electronics v. Superior Court*, 40 Cal.4th 360 (2007) (California Supreme Court held that, prior to certification of a class, plaintiffs have a right to obtain the contact information from Defendant in order to facilitate communication between plaintiffs and the putative class members, in spite of the privacy objections and concerns raised by Defendant) and *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007) (disclosure of contact information in employment cases warranted), putative class member/witness contact information should be provided—and again such witness information would be useful for Plaintiff's motion for class certification to help establish issues such as commonality, typicality, and predominance. Plaintiff believes that this notice to class process will take approximately 60 days to complete from the agreement on the form of the letter to the mailing. Plaintiff and Defendant discussed such a letter but have to date not agreed on specific issues regarding the

production of class member information or on the sending of such a letter to class members.

Plaintiff also intends to take depositions of some of Plaintiff's former supervisors and co-workers for her individual claims as well as seek written discovery on her individual claims.

**Defendant**

*See* section 8(A) above. As noted, plaintiff worked only in the SoCal business district, and worked in an office in Santa Fe Springs, unlike most KPC employees who work in the field under collective bargaining agreements, and whose expenses are approved by their individual department managers. Plaintiff never worked in the NorCal District, and she has no personal knowledge about how policies were applied "on the ground" in the NorCal District.

It is axiomatic that a class representative plaintiff must have standing and be similarly situated to the putative class members she seeks to represent. Here, plaintiff is certainly not similarly situated to, and has no standing to represent, employees whose requests for reimbursement were approved by managers utilizing and applying policies that never applied to her. Plaintiff's unsupported allegations do not justify wide-ranging discovery into policies and practices elsewhere.

Noted above, KPC has produced the expense reimbursement policies applicable to plaintiff and has agreed to produce, at plaintiff's request, a 30(b)(6) witness on those policies pursuant to a valid 30(b)(6) notice.

### 9. Class Actions

Plaintiff had notified the Court that Plaintiff anticipated filing her motion for class certification on or before June 30, 2010. However, due to the discovery dispute with Defendant that has prevented Plaintiff from getting all and sufficient written discovery (which is now the subject of a letter brief to compel by Plaintiff) and due to Defendant not providing a date for a 30(b)(6) deposition (which is now the subject of a letter brief to compel by Plaintiff), Plaintiff believes that she can file a motion for class certification on or about August 30, 2010—60 days further out from the June 30, 2010 date. Plaintiff believes that this action can be certified pursuant to Federal Rules of Civil Procedure 23, including Rule 23(a) and 23(b)(2)/23(b)(3).

Plaintiff believes a class action can be maintained as there are common policies, practices,

and procedures for each of the violations alleged.

Plaintiff brings claims for failure to provide reimbursements for work-related expenses and is in the process of adding ancillary PAGA penalties related to such failure. The California Supreme Court has recently ruled that PAGA claims do not need to meet class certification standards or be certified to seek remedies for other harmed persons. *See Arias v. Superior Court*, 46 Cal. 4th 969 (Cal. 2009) (holding that when proceeding under PAGA a plaintiff does not have to meet class certification requirements).

**Defendant's Position**

For all the reasons described above, class certification of plaintiff's expense reimbursement claim is not appropriate. KPC may file an early motion directed at plaintiff's facially deficient class definitions. In addition, KPC may file a motion for summary judgment of plaintiff's individual claims.

### 10.  Related Cases

Plaintiff knows of no other related cases. Defendant knows of no other related cases.

### 11.  Relief Sought By Plaintiff

Plaintiff seeks restitution, vacation wages, damages, and penalties as well as interest and attorneys' fees for herself individually, and for all members of the putative class.

Plaintiff also seeks to add additional claims and forms of relief, including a Labor Code section 2699, *et seq.* claim under the Private Attorney General Act directly relating to the claims in this action.

Plaintiff alleges that putative class members are owed damages for the categories of harms set forth above, as well, and Plaintiff is seeking damages for these putative class members. Plaintiff believes that these damages can be ascertained and calculated from Defendant' records for their employees, and/or representative testimony, and/or statistical evidence as may be offered by Plaintiff.

Plaintiff is presently investigating the precise total number of putative class members, but estimates at this time that there are well over 500 class members.

**Defendant's Position**

Noted above, KPC's records identify employees who were reimbursed for necessary business expenses, not employees who were allegedly not reimbursed for claimed "business" expenses. As a result, KPC's records will be of no assistance to plaintiff in her quest to "ascertain" or "calculate" alleged damages for herself or a putative class. Plaintiff's assertion that class-wide damages might by "ascertained" or "calculated" by representative testimony is similarly flawed, as testimony about one employee's experience with an expense reimbursement for a particular travel or other expense is inherently individualized, which also makes any sort of credible, scientifically valid statistical analysis impossible.

### 12.  Settlement and ADR

The parties have held a telephonic conference with Kirby Wilcox, the ENE appointed to this case and agreed-upon by the parties. Mr. Wilcox has scheduled a further ENE teleconference set for March 16, 2010, at which time the parties anticipate setting a date for an ENE conference.

Plaintiff would also be agreeable to mediation with a private mediator either before or after Plaintiff's motion for class certification is ruled on and believes that a private mediation presents the best opportunity for resolving this matter. Plaintiff would propose an experienced mediator such as David Rotman of the San Francisco based mediation firm Gregorio, Haldeman, Piazza, Rotman, Frank & Feder.

Defendant believes any discussion about private mediation is premature.

### 13.  Other References

The Parties agree the case is not suitable for reference to binding arbitration or a special master.

The Parties do not believe this matter is suitable for reference to the Judicial Panel on Multidistrict Litigation.

### 14.  Narrowing of Issues

Other than the potential motion practice described above, the parties are unaware of any other motions or procedures that may assist in the narrowing of issues other than a post-certification motion(s) for summary judgment/adjudication and discovery rulings.

### 15. Expedited Schedule

The parties do not believe that the case can be handled on an expedited basis with streamlined procedures.

### 16. Disclosure of Non-Party Interested Entities or Persons

Defendant has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. As stated in those filings, the parties have set forth any persons, firms, partnerships, corporations (including parent corporations), or other entities that have: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

In accordance with the Court's standing order, the parties state as follows:

Plaintiff's List of Interested Parties:

Ashley Wilson; Defendant.

Defendant' List of Interested Parties:

Defendant.

### 17. Other Matters

The parties have no other matters to bring before the Court at this time.

Dated: March 12, 2010                    Respectfully Submitted,

                                         LAW OFFICES OF PETER M. HART


                                         By    /s/
                                              Peter M. Hart
                                              Attorney for Plaintiff


Dated: March 12, 2010                    Respectfully Submitted,

                                         SEYFARTH SHAW LLP


                                         By    /s/
                                              Francis J. Ortman, III
                                              Attorneys for Defendant