IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY WILSON, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>KIEWIT PACIFIC CO.,<br><br>        Defendant.<br>_____/ | No. C 09-03630 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

Currently before the Court is plaintiff's motion for class certification. Having considered the arguments of counsel and the papers submitted, and for good cause shown, the Court hereby GRANTS in part and DENIES in part plaintiff's motion for class certification.

## BACKGROUND

Plaintiff Ashley Wilson brings this class action against Kiewit Pacific Co., seeking to represent a class and sub-classes of current and former Kiewitt employees who were not paid for all work-related mileage expenses for use of their personal vehicles.[1] Specifically she seeks to certify the following classes:

---

[1] Plaintiff's Third Amended Complaint raises claims for failure to pay required wages, overtime wages, and reimbursements among other causes of action. *See* TAC, Docket No. 52. In her motion and reply, plaintiff fails to identify the causes of action in her TAC for which she is seeking certification. In response to a question posed at oral argument, plaintiff confirmed that she is seeking to certify the class and subclasses under her first cause of action for failure to pay work related expenses under California Labor Code section 2802; her eighth cause of action for unfair business practices under California Business and Professions Code section 17200 *et seq.*; and her ninth cause of action for violation of Labor Code sections 2802 and 2699 as a private attorney general.

> All current and former employees of defendant Kiewit Pacific Company ("Defendant") who worked for Defendant in California during the period of July 6, 2005 to the present (the "Class"), including the following Subclasses:
>
> (1) All of Defendant's past and present non-union employees working in California at any time during the period from July 6, 2005 to the present to whom Defendant applied policies regarding mileage reimbursement ("the Applied Policies Subclass");
>
> (2) All of Defendant's past and present non-union employees working in California at any time during the period from July 6, 2005 to the present who were not reimbursed for work related non-commute mileage (the "Non-Commute Mileage Subclass");
>
> (3) All of Defendant's past and present non-union employees working in [the] Southern California District at any time during the period from July 6, 2005 to the present to whom Defendant applied policies regarding mileage reimbursement (the "Southern California Applied Policies Subclass"); and
>
> [sic] (5) All of Defendant's past and present non-union employees working in the Southern California District at any time during the period from July 6, 2005 to the present who drove their non-company owned vehicles over 25/35 miles one-way for business related non-commute travel (the "Southern California 25/35 Subclass").

Motion at 3-4.

Plaintiff asserts that the class members have been subjected to the following common policies, which led to their not being reimbursed for mileage expenses incurred in their personal vehicles in violation of California law: (1) Kiewit does not have a policy that automatically reimburses or otherwise ensures employees are reimbursed for mileage expenses incurred in their personal vehicles; (2) the "business mileage" that Kiewit does reimburse employees for is less inclusive and narrower than the mileage reimbursement required to be provided under California law; (3) Kiewit only pays for the less inclusive "business mileage" when requested to do so by employees; and (4) employees in Kiewit's Southern California district are reimbursed for "business mileage" only in excess of 25 or 35 miles. Motion at 1-3.

Defendant opposes the motion for class certification arguing that plaintiff cannot establish that she has standing to represent the class or any of the subclasses. Defendant also argues that plaintiff has failed to meet her burdens under Rule 23(a) and 23(b)(3), because determining defendant's liability with respect to each proposed class member would involve a host of individualized determinations, including whether each proposed class member requested reimbursement for business mileage incurred in a private vehicle, whether the expenses incurred were "necessary," whether proposed class members avoided incurring business mileage expenses because they used company vehicles or car pools for

business travel, and how much unreimbursed business mileage expenses each class member might be entitled to.

## LEGAL STANDARD

Plaintiff bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended*, 273 F.3d 1266 (9th Cir. 2001). A district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The court must also find that one of the requirements of Rule 23(b) has been satisfied. Plaintiffs contend the class should be certified pursuant to Rule 23(b)(3), which requires the court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Ninth Circuit has recently reaffirmed the principle that "'[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met' and 'nothing in either the language or history of Rule 23 . . . gives the court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.'" *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhilips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-79 (1974)); *see also Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003). "Although certification inquiries such as commonality, typicality, and predominance might properly call for some substantive inquiry, the court may not go so far as to judge the validity of these claims." *United Steel*, 593 F.3d at 808 (internal quotations omitted); *see also Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

However, although the Court may not require preliminary proof of the claim, it "need not blindly

rely on conclusory allegations which parrot Rule 23 requirements. Courts may also consider the legal and factual issues presented by plaintiff's complaint." 2 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, 7.26 (4th ed. 2005). Sufficient information must be provided to form a reasonable and informed judgment on each of the requirements of Rule 23. *See Blackie*, 524 F.2d at 901 n.17. In order to safeguard due process interests and the judicial process, the Court conducts an analysis that is as rigorous as necessary to determine whether class certification is appropriate. *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005); *see also Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982).

## DISCUSSION

### I. Plaintiff Cannot Seek Certification of a Class Consisting of "All" Employees

As an initial matter, plaintiff cannot seek to certify a class of "all current and former" California employees of defendant from July 6, 2006 to present. Motion at 3; Reply at 3-4. On its face, that definition is impermissibly overbroad as it includes employees who never incurred unreimbursed business mileage expenses under California law. *See, e.g., Amchem Prod. v. Windsor*, 521 U.S. 591, 620 (1997) (Rule 23's certification requirements are "designed to protect absentees by blocking unwarranted or overbroad class definitions"). Only those employees who are alleged to have claims under plaintiff's first, eight and ninth cause of action in her TAC should potentially be included with the scope of the classes sought.

### II. Northern California District Employees

Defendant objects to plaintiff's standing – and relatedly her non-typicality under Rule 23(a)(3) – to represent the various subclasses she seeks to certify. Oppo. at 12-13, 19; *see also Dukes v. Wal-Mart Stores, Inc*., 603 F.3d 571, 613 (9th Cir. 2010) ("Typicality requires that the named plaintiffs be members of the class they represent."). The Court finds this argument well taken with respect to plaintiff's attempt to represent the claims of employees of defendant's Northern California district. Plaintiff does not dispute defendant's position that the Northern California district is operated and managed separately from the Southern California district. *See e.g.*, Declaration of Douglas Collins at

4

4-5.[2] Plaintiff does not provide copies of any written travel reimbursement policies from the Northern California district that she claims are illegal under California law. *Cf.* Declaration of Kimberly Westmoreland at Exs. F, G & H (attaching copies of Southern California district reimbursement policies).

Instead, plaintiff cites to the testimony of Brian Gardner, defendant's Rule 30(b)(6) witness for the Northern California district. While Mr. Gardner testified that he knew of no written Kiewit Pacific or Northern California district policy dealing with reimbursing business mileage incurred by employees in their personal vehicles, he testified that the Northen California district's policy is to reimburse employees at the IRS rate for *all* such mileage. *See* Declaration of Francis J. Ortman, Ex. 3, Deposition of Brian Gardner at 18:4-23; 21:4-15; 31:11-33:9 (Northern district policy is to reimburse for travel directly from home to attend an off-site meeting or training or for travel directly from an employee's primary work site to an off-site meeting or training). There is *no* evidence that the Northern California district engages in the specific practice plaintiff complains of with respect to the Southern California district, namely the failure to pay for all business mileage incurred in traveling to off-site meetings or trainings in personal vehicles. More importantly, plaintiff does not argue that she incurred unreimbursed mileage expenses for work done in or on behalf of the Northern California district or otherwise had any Northern California district policy applied to her. Therefore, she is not an adequate representative of the Northern California district employees.[3]

### III. Applied Policies Subclasses

Instead, the only evidence plaintiff submits with respect an allegedly illegal "policy" of the Northern California district is in support of plaintiff's assertion that because both the Northern and

---

[2] Plaintiff objects to paragraph 4 of the Collins Declaration as speculative and calling for a legal opinion. Docket No. 67-3 at 7. The Court OVERRULES those objections.

[3] Relatedly, plaintiff has not submitted evidence from any Northern California district employee complaining of being subjected to an allegedly illegal mileage reimbursement policy. There are no declarations from Northern California district employees or other forms of evidence – such as admissions from defendant or a written policy which is alleged to be illegal on its face – to show that any Northern District employee has claims under plaintiff's first, eighth and ninth causes of action. This failure means that plaintiff has not satisfied her burdens under Rule 23(a)(1), (a)(2) or (b)(3) with respect to the employees of the Northern California district.

Southern California districts fail to make sure that employees are automatically paid for business travel mileage, they violate California law. *See* Motion at 1-2 (citing Gardner Depo. at 21:24-22:12 and the Deposition of Douglas Collins at 149:20-150:13).[4] Plaintiff argues that the districts' failures to have an "automatic" or ensured reimbursement policy is, itself, a common policy. Although it is unclear, the Court believes that this argument forms the basis of plaintiff's "Applied Policies" subclasses. Plaintiff, however, cannot demonstrate that the districts' alleged failures to have an automatic or ensured reimbursement "policy" supports the proposed subclasses under Rule 23.

In essence, plaintiff's argument is that under Labor Code section 2802, Kiewit is required to set up systems to automatically pay employees for business travel mileage incurred or ensure their payment, even if an employee fails to submit an expense reimbursement request pursuant to Kiewit's policy.[5] Plaintiff argues that having reimbursement forms available is insufficient under California law and that automatic payment must be made, or that Kiewit must perform audits or institute other mechanisms to ensure all employees get paid for all business travel mileage in their personal vehicles, which Kiewit doesn't do. Motion at 10-12.

To support her position, plaintiff relies on *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901 (N.D. Cal. 2009). *Stuart*, however, addressed whether an employer could assert a defense to claims under Section 2802 where an employee failed to submit a request for reimbursement. The Court characterized this as an "exhaustion defense." *Id.* at 903. RadioShack argued that it could raise the defense against every employee who failed to submit a claim for reimbursement. The plaintiff argued – as plaintiff argues here – that under Section 2802 a duty to reimburse an employee for expenses is triggered immediately after the expenses are incurred. The Court rejected both positions and found that, with respect to what proof must be offered at trial to establish liability, an employer's duty is triggered when it knows or has reason to know that an employee has incurred a reimbursable expense. *Id.* at 903.

---

[4] Excerpts from the deposition of Douglas Collins are attached to the Declaration of Kimberly Westmoreland in Support of Class Certification at Ex. B.

[5] According to defendant, Kiewit's "corporate" policy is to discourage use of private vehicles for work travel but to reimburse all necessary business mileage at the IRS rate. *See* Collins Decl., ¶ 5; *see also* Declaration of Jason Kolodge, ¶ 11(noting reimbursement forms are available on Kiewit's corporate website, district website, and generally at all Kiewit locations).

6

The Court also found that RadioShack's database, recording the inter-store transfers that were the basis of the class claims, could provide common proof that RadioShack was put on actual notice of the fact that employees incurred mileage expenses, triggering its duty to reimburse under Section 2802. *Stuart*, 641 F. Supp. 2d at 904.[6] There is no evidence here that defendant knew every time an employee incurred business mileage expenses, especially where defendant's policy was to reimburse expenses that were submitted, albeit subject to the deduction policy discussed below.

Importantly, in a prior order the *Stuart* Court rejected the "waiver defense" as a ground to defeat class certification, as the Court found that the legality of RadioShack's written policy – refusing to provide reimbursement for inter-store transfers that had to be done with personal vehicles – was the predominant, common question. *Stuart v. RadioShack*, 2009 U.S. District Lexis 12337, *53 (N.D. Cal. February 5, 2009). As noted, above, plaintiff is not seeking to certify a class to challenge a common policy, but an alleged lack of a policy. *Stuart*, therefore, is inapposite for multiple reasons, including the fact that it dealt with an explicit written policy that applied classwide and the Court rejected the argument made by plaintiff here. In sum, plaintiff cannot define a class of "all employees" who were affected by defendant's "policy" not to have an automatic reimbursement policy.

Finally, to the extent that plaintiff is also challenging defendant's alleged practice of informing employees that reimbursement is not available for business travel mileage in personal vehicles under the "Applied Policies" subclasses, plaintiff has likewise failed to meet the requirements of Rule 23. Specifically, the only evidence submitted of this practice is the Declaration of former Kiewit Pacific employee David Z. Ring, IV.[7] However, evidence of one instance of an employee being informed that the Southern district did not reimburse employees for business travel mileage in personal vehicles is not sufficient to demonstrate a widespread practice that supports class certification. *See, e.g., Gen. Tel. Co.*

---

[6] The *Stuart* Court, however, declined to grant summary judgment on this issue to plaintiff as there was insufficient proof showing who at RadioShack logged the information into the database or reviewed the database entries and, therefore, had actual knowledge of employees incurring expenses that could be imputed to the corporation in general. *Id.* at 904-05.

[7] Defendant objects to substantial portions of the Declaration of David Z. Ring IV on multiple grounds including: speculation, lacks foundation, vague and ambiguous, irrelevant, improper opinion testimony, and inadmissible hearsay. The Court has considered the objections and OVERRULES them for purposes of the class certification motion.

*of the Southwest v. Falcon*, 457 U.S. at 158-59.  Moreover, while plaintiff admits that she did not submit some requests for reimbursement for business travel mileage in her personal vehicle,[8] there is no evidence that she was told she couldn't or shouldn't submit her mileage reimbursement requests, calling into question her ability to represent others who allegedly were told not to submit requests

For the foregoing reasons, plaintiff has failed to meet her burdens under Rule 23 with respect to the "Applied Policies" subclasses.

**IV.     Southern California Commute and 25/35 Policy**

Finally, plaintiff seeks to challenge the Southern California district's practice of failing to pay for an employee's private vehicle mileage incurred in traveling to off-site meetings and trainings where the travel is further than the employee's commute to his or her job site, because that travel is considered "normal commute" by defendant. *See, e.g.*, Motion at 14; Collins Depo. at 66:5-67:11.  Plaintiff also alleges a "further" policy, whereby defendant requires employees who seek reimbursement for travel to off-site meetings and trainings to deduct the first 25 or 35 miles before reimbursement, even where the mileage incurred is greater than an employee's normal daily commute to their assigned job site. *Id.* at 14-15; *see also* February 2008 policy, Westmoreland Decl., Ex. F at 2 ("Mileage will begin 35 miles from the employee's home or their assigned work location, whichever is closer to the meeting site."); November 2004 policy, Ex. G at 2 ("Mileage will begin 25 miles from the employee's home"); December 2008 policy, Ex. H at 2 ("Mileage will begin 35 miles from the employee's home or their assigned work location, whichever is closer to the meeting site.").  The net effect of these "policies," plaintiff alleges, is that mileage expenses employees incur in using personal vehicles to travel to work events that are further than their normal commute are not reimbursed in violation of California law. *Id.* (citing California Department of Labor Standards and Enforcement Opinion Letter 2003.04.22).

Defendant does not dispute that the Southern district "general" policy is to not reimburse employees for travel to off-site trainings and meetings because that is considered their "normal commute," even where that travel is further than an employee's commute to his or her assigned job site.

---

[8] *See, e.g.,* Wilson Depo. at 112:15-23 ("Q.  Why?  A.  I don't know why.").

8

Nor does defendant dispute that attendance at the off-site meetings and trainings is mandatory.[9] *See, e.g.*, Collins Depo. at 66:6-19. With respect to the operation of the 25/35 mile policy, the parties do not dispute that before employees could be reimbursed for travel to an off-site training or meeting, they had to deduct the first 25/35 miles of travel. *See* Westmoreland Decl., Exs. F-H.

### A. Rule 23(a) Requirements

Defendant argues that the 25/35 mile policy is provided as a perk, reimbursing certain employees for a portion of their "commute time" when those employees relocate to a new job site more than 35 miles (formerly 25 miles) from their home and refuse Kiewit's offer the move them within 35 miles of their job site. *See* Oppo. at 5-6. As plaintiff was not relocated, defendant argues that its policy could not have applied to her and she lacks standing to represent the class she seeks. *Id.*, at 1, 12-13. However, plaintiff is not seeking to challenge defendant's policy with respect to employees who were transferred to a new job site either permanently or on a temporary basis, but rather seeks to challenge the policy as applied to employees traveling to one day or multi-day meetings or trainings away from their regular job sites. While the November 2004 policy does not explicitly apply to "travel to meetings," defendant's Rule 30(b)(6) deponent testified that the policy was applied to employees who are required to travel to one or multi-day meetings and trainings. *See* Collins Depo. at 64:11-67:11 (11/04 policy allowing for reimbursement over 25 miles applied to travel for one or multi-day meetings); Westmoreland Decl., Ex. G. The February and December 2008 policies – which have separate "Traveling to Company Meetings" sections – were applied in the same way. Collins Depo. at 77:7-22; Westmoreland Decl., Exs. F & H.

Defendant's related argument, that plaintiff cannot demonstrate the policy was applied to her, is likewise without merit. *See* Oppo. at 10-12. Simply because plaintiff was not able in her deposition to identify a specific expense report on which defendant made a 25/35 mile deduction, does not counter defendant's own admission that the policy was applied to plaintiff. *See* Collins Depo. at 126:14-22

---

[9] Defendant does spend significant effort arguing that its practices are legal under California and Federal wage and hour laws, in part because attendance at the off-site meetings and trainings is a normal contemplated incident of employment. *See* Oppo. at 16-18; 24. The legality of defendant's practice, however, is not at issue on this motion.

(noting there were issues with plaintiff's expense reports because she did not deduct the 25/35 mileage). Therefore, plaintiff has standing to represent this class and her claims are typical of those she seeks to represent under Rule 23(a)(3). *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("representative claims are 'typical' if they are reasonably co-extensive with those of absent class members").

The Court agrees that there is a problem with the way plaintiff has proposed to define this particular subclass, but not the ascertainability problem defendant asserts. Instead, plaintiff's proposed definition – all Southern California district employees who drove their non-company owned vehicles "over" 25/35 miles – would seem to include *only* those who received some reimbursement under defendant's policy and not those employees who drove under 25/35 miles but were nonetheless owed reimbursement for non-commute time under plaintiff's theories. The Court doubts plaintiff intended to exclude those employees from the proposed class.

Instead, the Court finds that the following class is ascertainable and better defined:

> All of defendant's past and present non-union employees working in the Southern California district at any time from July 6, 2005 to present who were not reimbursed for non-commute mileage expenses incurred in using personal vehicles to travel to off-site meetings or trainings.

This definition is sufficiently ascertainable and encompasses the claims plaintiff seeks to assert. *See, e.g., In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 291, 299 (N.D. Cal. 2010) (noting that a class definition is "sufficient if the description of the class is 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" (quoting *O'Connor v. Boeing North American Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998))).

The Court also concludes that there are significant common questions under Rule 23(a)(2), including: (1) whether defendant's definition of commute time – which includes travel to mandatory off-site meetings and trainings that is beyond an employee's commute to his or her regular job site – is legal under California law; and (2) whether defendant's practice of reimbursing employees for travel to off-site meetings and trainings only after 25 or 35 miles is legal under California law. *See, e.g., Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d at 587 (noting that commonality satisfied where lawsuit challenged a system-wide practice).

Defendant does not address the adequacy of plaintiff and her counsel to represent the class. *See*

10

Rule 23(a)(4). The Court has reviewed the declarations submitted by plaintiff's counsel and finds that plaintiff's counsel has demonstrated adequacy sufficient for Rule 23(a)(4).[10]

### B. Rule 23(b)(3) Requirements

Defendant's main argument in opposing class certification is that common issues do not predominate, because in order to prove which employees are owed business mileage expenses the Court would need to determine: (1) whether expenses incurred by use of personal vehicles were necessary – an individualized factual inquiry; (2) whether and how many individual employees negotiated special deals with defendant for reimbursement of all expenses – an individualized factual inquiry; and (3) whether defendant had knowledge of any reimbursable mileage expenses that would trigger its duties under California Labor Code section 2802.

With respect to its first argument, defendant argues that Section 2802 requires reimbursement only of "necessary" expenses, which is an inherently individualized question focused on the "reasonableness" of the expenditure.[11] In this case, however, whether it was "necessary" for the employees to attend the meetings and off-site trainings is a common question. Moreover, even if the appropriate question under California law is whether it was necessary for a particular employee to utilize his or her personal car for travel to a particular off-site meeting or training based on the availability of company vehicles, pool cars/vans, or car pools, the Court does not find that this issue raises predominant

---

[10] Defendant has stipulated not to contest numerosity. The Court finds, based on testimony that the Southern California district has approximately 231 current non-manual or salaried employees, Collins Depo. at 33:1-9, as well as evidence describing the frequency of mandatory trainings and district-wide meetings, that the class is numerous under Rule 23(a)(1).

[11] The cases cited by defendants are inapposite on their facts. *See Grissom v. Vons Companies, Inc.*, 1 Cal. App. 4th 52, 57-58 (Cal. App. 1991) (determining whether it was "necessary" for an employee to hire counsel independent from employer's counsel); *Jacobus v. Krambo Corp.*, 78 Cal. App. 4th 1096, 1104 (Cal. App. 2000) (finding it was "necessary" for employee to hire counsel to defend a workplace sexual harassment claim); *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100, 1125 (S.D. Cal. 2006) (finding it inappropriate to decide on summary judgment whether "time extension costs, magazine subscriptions, advertisement costs and bonuses to support staff" are "necessary" under Section 2802); *see also Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 568-69 (2007) (noting that because of difficulties in determining the reasonableness of actual automobile expenses incurred – as an employee's choice of automobiles can result in widely varying costs of operation – most employers satisfy Section 2802 by providing the IRS approved mileage rate for business travel, which avoids the difficult issue of determining reasonableness).

individualized questions at this juncture. Whether there were sufficient company vehicles, pool cars/vans, or car pool options available in light of the number of employees who had to attend the off-site meetings and trainings is a common question that is better addressed on a motion for summary judgment or at trial than on class certification.

The fact that certain individuals may have struck special deals with their supervisors in the Southern California district to receive company cars, fuel cards or other arrangements so that all of their commute mileage and/or off-site travel expenses were fully reimbursed, does not undermine the predominance of the common questions or otherwise preclude certification. Those issues can be determined at the damages stage by evidence from defendant's own records and can be confirmed by declarations or other proof of claims provided by employees. *See, e.g., Stuart v. RadioShack Corp.*, 2009 U.S. Dist. LEXIS 12337, *44-45 (N.D. Cal. Feb. 5, 2009) ("Determining who in fact was reimbursed and who was not [under Section 2802] will be a straightforward factual question that informs the remedy, and will likely be resolved by documents. Those determinations will not predominate this case.").

Defendant's argument that whether and when it had knowledge of the existence of any reimbursable mileage – in order to trigger its duty to reimburse under Section 2802 – rests on a host of individualized questions, is also without merit. A similar argument was rejected by the Court in *Stuart v. RadioShack Corp.*, 2009 U.S. Dist. LEXIS 12337, *49-53. As the *Stuart* Court noted, and as discussed above, this argument is essentially a "waiver defense," that an employer cannot be held liable under Section 2802 unless they knew or should have known an employee actually incurred reimbursable expenses by the submission of a claim for reimbursement. *Id.* at 47. In *Stuart* the Court noted, that even if the wavier defense was viable, and while there might be some individualized question as to when a manager or other employee might have been put on notice sufficient to trigger a duty to reimburse an employee, that would not defeat class certification because the common questions would still predominate. That is especially true in this case where defendant required employees to attend off-site mandatory meeting and trainings, and while "discouraging" use of private vehicles, repeatedly allowed them to be used and reimbursed some part of those expenses for many employees' trips. Therefore, the Court finds that in its present posture, common questions of law or fact predominate over questions

affecting only individual employees.

Finally, with respect to superiority, the Court finds that the small size of the potential claims at issue weighs in favor of treating the claims on a classwide basis rather than individually. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998). Given that defendant has records of each employee's job site and home address, as well as the fact that defendant maintains all expense reports and the substantiating documents (Collins Depo. at 113:6-114:9) and that defendant tracks employees who are required to attend the meetings and trainings (Collins Depo. at 147:1-148:6) and presumably where those off-site meeting and trainings are located, the Court believes that when the time comes for proof of damages and what is owed to the employees, that process will be determined largely by defendant's documents and manageable through a number of potential methods, including review by a special master or submission of claims by employees subject to challenge or rebuttal by defendant. As such, the Court finds the narrow class identified above is manageable and appropriate for certification under Rule 23(b)(3).

## V.    Evidentiary Objections

The parties have submitted extensive objections to the evidence proffered in support of and in opposition to the class certification motion. *See* Docket Nos. 59, 67-3, 70. Plaintiff raises a number of objections to the declarations submitted by defendant in support of its Opposition to the Motion for Class Certification. Docket No. 67-3. The primary objections are that twelve of the fifteen declarants were not disclosed in defendant's Initial Disclosures and the testimony of three of the declarants who were disclosed exceeded the scope of the subject matters listed. Plaintiff also notes that defendant failed to provide updated Initial Disclosures to identify these declarants and/or update the subject matters which they were disclosed for.

The Court does not find these objections well taken given the procedural history of this case and OVERRULES them. As defendant notes, the scope of the claims at issue in this case has been a moving target. Plaintiff did not file her Third Amended Complaint until July 2, 2010. However, when plaintiff filed her Motion for Class Certification two weeks later on August 13, 2010, the class definition proposed was significantly altered and the class claims ignored six of the causes of action in the TAC.

13

Instead, the Motion for Class Certification focused solely on the claim that defendant failed to pay all mileage reimbursements due. In this situation, it is not surprising that defendant did not know which facts it would need to adduce to oppose certification or which employees defendant would want as declarants. Defendant's declarations were filed on September 3, 2010 and were signed between August 20 and September 1, 2010. The Court does not see any evidence that defendant intentionally failed to disclose witnesses it would need to oppose class certification – much less that it knew what evidence would be needed or who they intended to rely on – back in November 2009 when they filed their Initial Disclosures.

Nor does defendant's failure to make supplemental disclosures under Rule 26(e)(1) between the time the class certification motion was filed and now mean that defendant has violated its duty to timely supplement its disclosures. Defendant apparently used that time to conduct an investigation, secure the declarations and oppose plaintiff's motion for class certification. Accordingly, even if Rule 26(a)(1) could be read to require a party to supplement its Initial Disclosures after identifying the declarants needed to oppose a motion for class certification, the failure to do so here was substantially justified. *See* Rule 37(c)(1).[12]

Finally, instead of waiting to object to defendant's declarants in her Reply on Rule 26(a) grounds and asking that they be struck in their entirety, if plaintiff felt she needed to depose those declarants to test their assertions, plaintiff should have attempted to work with defendant to move the briefing schedule for the Reply so that she would have time to depose them (and if defendant wouldn't agree, sought leave of Court to do so).

With respect to plaintiff's more specific objections to substantial portions of the declarations submitted by defendant, and defendant's objections to substantial portions of the declarations submitted by plaintiff, except as addressed in this Order, the Court does not rule on the parties' specific evidentiary

---

[12] None of the cases plaintiff cites address a similar procedural posture or deal with disclosures of employee declarants a party intends to use on class certification. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) (addressing failure to disclose expert report until two years after discovery had closed); *Johnson v. Kriplani,* 2008 U.S. Dist. LEXIS 51908 (E.D. Cal. July 2, 2008) (failure to disclose a known witness in opposition to summary judgment); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 323 (C.D. Cal. 2004) (plaintiff impermissibly failed to identify in original and supplemental interrogatory answers testimony of key witness known prior to filing of lawsuit and used in opposition to a summary judgment motion).

objections because this Order does not rely on the evidence at issue.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES in part and GRANTS in part plaintiff's motion for class certification. The following class is hereby certified:

> All of defendant's past and present non-union employees working in the Southern California district at any time from July 6, 2005 to present who were not reimbursed for non-commute mileage expenses incurred in using personal vehicles to travel to off-site meetings or trainings.

The parties are ORDERED to draft a proposed form of notice and a plan for notification to the class and present it to the Court in advance of the re-scheduled Case Management Conference on January 21, 2011.

**IT IS SO ORDERED.**

Dated: December 6, 2010

SUSAN ILLSTON
United States District Judge