**United States District Court**
For the Northern District of California

1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 ASHLEY WILSON,                                          No. C 09-03630 SI

9           Plaintiff,                               **ORDER GRANTING PRELIMINARY**
                                            **APPROVAL OF CLASS ACTION**
10    v.                                                          **SETTLEMENT**

11 KIEWIT PACIFIC CO.,

12           Defendant.
                                        /

13

14      Individual Plaintiff Ashley Wilson ("Plaintiff" or "Class Representative"), having made an

15 application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the

16 settlement of the litigation pursuant to the Settlement Agreement (the "Agreement"); (b) approving the

17 form of Class Notice of Settlement and directing the manner of delivery thereof; (c) approving Peter M.

18 Hart, Esq. and the Law Offices of Peter M. Hart, Kenneth H. Yoon, Esq. and the Law Offices of

19 Kenneth H. Yoon, and Larry W. Lee and Diversity Law Group, as Class Counsel.

20

21     **IT IS HEREBY ORDERED THAT**:

22     1.     The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to

23 be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive

24 arm's-length negotiations among the Plaintiff and Defendant Kiewit Pacific Co. ("Defendant" and

25 collectively, the "Parties"). In making this preliminary finding, the Court considered the nature of the

26 claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement,

27 the allocation of settlement proceeds among the class members, and the fact that a settlement represents

28

**United States District Court**
For the Northern District of California

a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member. Accordingly, the Court preliminarily finds that the Agreement was entered into in good faith.

2. On December 6, 2010, this Court granted Plaintiff's Motion for Class Certification, in part. Specifically, the Court granted certification of the following class:

> All of defendant's past and present non-union employees working in the Southern California district at any time from July 6, 2005 to present who were not reimbursed for non-commute mileage expenses incurred in using personal vehicles to travel to off-site meetings or trainings.
> (Docket No. 76, filed December 6, 2010).

3. Pursuant to Fed. R. Civ. P. 23(g), on December 6, 2010, the Court GRANTED Plaintiff's Motion for Class Certification, in part, thereby appointing Class Counsel as Peter M. Hart, Esq. of the Law Offices of Peter M. Hart, Kenneth H. Yoon, Esq. of the Law Offices of Kenneth H. Yoon, and Larry W. Lee of Diversity Law Group. Plaintiff was also approved as Class Representative for the class.

4. The Court hereby APPOINTS CPT Group, Inc. as Claims Administrator for the purposes of this settlement.

5. A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on March 30, 2012 at 9:00 am, for the following purposes:

a. To determine finally whether this litigation satisfies the applicable prerequisites for class action treatment of a settlement class;

b. To determine whether the proposed Agreement is fair, reasonable and adequate and should be granted final approval by the Court;

c. To determine whether an Order of Final Approval should be entered, and to determine whether the Releasees should be released of and from the Released Claims as provided in the Agreement;

d. To determine whether the proposed plan of allocation of the Settlement Amount is fair and reasonable and should be approved by the Court;

2

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

e.    To consider Plaintiff's application for an Enhancement Payment not to exceed $10,000.00;

f.    To finally determine whether Class Counsel's application for an award of attorney fees and costs is fair, reasonable, and adequate and should be approved by the Court;

g.    To determine that the Claim's Administrator's costs should be paid from the Settlement Amount;

h.    To consider the parties agreed upon PAGA payment of $6,666.67 from the Settlement Amount for PAGA penalties, of which Five Thousand Dollars ($5,000.00) would be paid to the California Labor & Workforce Development Agency; and

i.    To rule upon such other matters as the Court may deem appropriate.

6.    The form of Class Notice appended to the Agreement as Exhibit A is hereby APPROVED.  On or before December 8, 2011, Defendant shall provide the Claims Administrator with each Class Member's name, social security number, last known mailing address, and the start date(s) and end date(s) of employment for all periods in the Southern California district, for all periods the employee was non-union, and for all periods the employee was not provided a company vehicle or car allowance.  On or before December 23, 2011, the Claims Administrator will send via first class mail the Notice of Settlement to each Class Member by first-class mail, postage prepaid.

7.    Class Counsel shall file all papers in support of their application for an award of attorney fees and costs no later than January 17, 2012.

8.    All papers in support of Final Approval of the Settlement shall be filed on or before March 20, 2012.

9.    The Court finds that the Class Notice, along with the related notification materials, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process.  The Court further finds that the notifications fully and accurately inform the Class Members of all material elements of the proposed settlement, of the Settlement Class Members' right to dispute their share of the settlement, of the Settlement Class Members' right to be excluded from the Settlement Class, and

3

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

of each Settlement Class Member's right and opportunity to object to the settlement.

10.     The Court hereby APPROVES the proposed procedure for opting out of the Settlement Class.  The Opt-Out Request must (a) be in writing; (b) must identify this settlement and state that the Class Member is requesting exclusion from the Settlement (i.e., "I request exclusion from the Wilson v. Kiewit Pacific Co. Settlement"); (c) contain the Class Member's full name, address and Social Security Number; (d) must be mailed to the Claims Administrator at the address set forth in the Notice; (e) must be postmarked no later February 6, 2012 ("the Opt Out Deadline").  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any member of the Class who requests exclusion from the settlement will not be entitled to any share of the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.  Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

11.     All reasonable costs of settlement and claims administration, including the mailing of Class Notice, shall be paid for as provided in the Agreement.

12.     To object, a Settlement Class Member shall inform Class Counsel in writing of his, her or its intent to object to this Agreement and/or appear at the Final Approval and Fairness Hearing by following the procedures set forth in the Class Notice, including the requirement that he or she timely send a notice of intent to object or appear by first-class mail, postage prepaid, to Class Counsel.  To be considered timely, the notice must be filed no later than February 6, 2012 and be served on Class Counsel and Defendants' Counsel.  The notice must set forth any and all objections to this Agreement and include any supporting papers and arguments.  Any person or entity who fails to submit such a timely written notice shall be barred from making any statement objecting to this Agreement, including at said hearing, and shall forever waive his or her objection, except by special permission of the Court.

13.     It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

4

14.     Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Class Members for all matters relating to this Litigation, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

**IT IS SO ORDERED.**

Dated: November 23, 2011

SUSAN ILLSTON

United States District Judge

**United States District Court**
For the Northern District of California

5