IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY WILSON, | No. C 09-03630 SI |
| Plaintiff, | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS FEES AND COSTS** |
| v. | |
| KIEWIT PACIFIC CO., | |
| Defendant. | |

On November 23, 2011, the Court issued an Order (1) preliminarily approving the proposed class action settlement, (2) directing mailing of the Class Notice, and (3) setting the schedule for the final approval process and final approval hearing. On March 30, 2012, a hearing was held on Class Representative Ashley Wilson's motion pursuant to Fed. R. Civ. P. Rule 23(e), for final approval of the settlement of this class action litigation pursuant to the Settlement Agreement (the "Agreement"), as well as her motion for an award of attorneys fees, costs, class representative payment, claims administrative expenses and a payment of $5,000 to the California Labor Workforce Development Agency.

The Court having read and considered the papers on the motion, the response of the Settlement Class Members to the Notice of Settlement, the arguments of counsel, and the evidence and law, and good cause appearing therefore, the Court hereby grants plaintiff's Motion for Final Approval ("Final Order") and HEREBY FINDS and ORDERS as follows:

Except as otherwise specified herein, for purposes of this Final Order, the Court adopts and incorporates by reference all defined terms set forth in the Agreement. This Court has jurisdiction over the subject matter of this Action and all parties to the proceeding. Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

1. The proposed settlement class ("Class"), identified in the Court's November 23, 2011 Order granting preliminary approval of this class action settlement ("Preliminary Approval Order") and

incorporated herein by reference, satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

2. Notice to the Class was provided in the manner and form set forth in the Preliminary Approval Order, as amended. The Claims Administrator took reasonable steps to provide the Notice of Class Action Settlement and Notice of Settlement Payment to Class Members when it learned that an address to which those documents were mailed was no longer accurate. These documents informed Class Members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding the final approval of the Settlement. Notice was provided with ample time for the Class Members to follow these procedures.

3. The Court finds that this Notice procedure afforded adequate protections to Class Members and provides a basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in all material respects in the manner prescribed by the Settlement, notice was provided to all persons entitled to such notice, was the best notice practicable, and, therefore, fully satisfied the requirements of due process, such that all absent class members have been given the opportunity to participate fully in the claims exclusion and the approval process.

4. There were no objections to the Final Approval of this Settlement in response to the notice. The Court grants final approval of the Settlement between the Parties. Pursuant to Rule 23(e), the Court finds that the Settlement is fair, just, reasonable, and adequate to the Class when balanced against the probable outcome of extensive and costly litigation. *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003). Substantial formal and informal discovery, investigation, and research have been conducted such that the Parties' respective counsel at this time are reasonably able to evaluate their respective positions. It appears to the Court that settlement will avoid substantial additional costs by all parties, as well as the delay and risk that would be presented by further prosecution of this action.

The Court finds that the settlement that has been reached as the result of intensive, noncollusive, arm's-length negotiations, thorough factual and legal investigation, and the good faith exchange of information and documents. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the direct allocation of the settlement proceeds to Class Members without the need for submission of claims, and the fact that the settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the response of the Class to the Settlement supports final approval, as no Class Member objects to the final approval of this Settlement.

5. The Court hereby finds the Gross Settlement Amount to be fair, adequate and reasonable. Payment to those eligible Class Members who did not opt out shall be made in accordance with the terms of the Settlement. The Court orders the Parties to implement and comply with the Settlement according to its terms and the Court's orders. As provided in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, are and shall be deemed to be conclusively released as against the Releasees. As of the date of this Final Order, all Class Members who did not timely opt out/request exclusion are bound by this Final Order and Judgment, and the Settlement.

6. In accordance with the terms of the Settlement, the Released Claims covered by the Settlement shall be and hereby are dismissed on the merits with prejudice on a class-wide basis as to the plaintiff and all Class Members except those who filed requests for exclusion. The individuals who have requested exclusion are listed in the Supplemental Declaration of Julie Green, Docket No. 116.

7. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over this Action and the Parties, including all Class Members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefits of the Parties.

8. The Court determines that an award of attorneys' fees to class counsel under the common fund doctrine in the collective amount of $126,666.67, representing thirty-three and one third percent of the $380,000 Gross Settlement Amount to the Class, is fair, reasonable and appropriate. The Court finds that the contentious and hard fought nature of the litigation, the degree of difficulty and potential

defenses to the claims, the amount of recovery, and the lodestar of plaintiff's counsel – which far exceeds the amount of fees sought – all support this fee award.

9. Counsel for the Class performed work which benefitted the Class and expended substantial time and effort in litigating this matter. There were no objections to the requested fee and expense award from any member of the Class.

10. Pursuant to the terms of the Settlement Agreement, the Court further orders that Class Counsel be reimbursed for their litigation expenses in the amount of $30,000. This amount represents slightly less than the actual and reasonable out of pocket costs Class Counsel incurred in this litigation.

11. The Court finds that the plaintiff performed her duties and role as the class representative well and contributed a significant amount of time to support the litigation, including providing a two day deposition and having frequent meetings with her counsel. The Court hereby awards to the named plaintiff, Ashley Wilson, an incentive and service award of $5,000, which the Court finds to be fair and reasonable, to be paid in accordance with the Settlement Agreement.

12. For all of the above reasons, the Court hereby awards $126,666.67 to Class Counsel as attorneys' fees, $30,000.00 for litigation expenses and costs, $5,000 to the LWDA as its share of the penalties for the PAGA claim, and $5,000 as a Service Payment to plaintiff, all to be paid in accordance with the terms of the Settlement Agreement.

13. In addition, pursuant to the terms of the Settlement Agreement, the Court orders that third party administrator, CPT Group, Inc., be awarded $12,000 in connection with the costs incurred in administering the current Settlement.

14. If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Final Order and Judgment and all orders entered in connection herewith shall be vacated and shall have not further force or effect.

**IT IS SO ORDERED.**

Dated: April 4, 2012

SUSAN ILLSTON
United States District Judge